## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

RAYMOND L. ROGERS                                            PETITIONER

V.                            NO. 2:18-CV-00143-DPM-JTR

DEWAYNE HENDRIX                                              RESPONDENT
Warden, FCI-Forrest City

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus by Petitioner, Raymond L. Rogers ("Rogers"), who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. *Doc. 1.* Rogers challenges a jury conviction and sentence imposed by the United States District Court for the District of Kansas (Wichita Division) in *United States v. Rogers*, 6:13-cv-1448-JTM ("*Rogers I*").

1

This is Rogers's second effort, in this district, to bring a § 2241 habeas Petition challenging his federal conviction in *Rogers I*. On November 13, 2017, Rogers filed a § 2241 habeas Petition challenging his federal conviction. *Rogers v. Beasley*, Eastern District of Arkansas Case No. 2:17-cv-00198-DPM-JTR ("*Rogers II*"). On December 22, 2017, United States District Judge D.P. Marshall, Jr., on *de novo* review, adopted the undersigned's Recommended Disposition, and dismissed Rogers's § 2241 petition, without prejudice, for lack of jurisdiction. *Rogers II* (*see Doc. 3 and 11*). Rogers appealed to the Eighth Circuit Court of Appeals.

On May 25, 2018, the Eighth Circuit entered a Judgment affirming the district court's dismissal of Rogers's § 2241 petition. *Rogers v. Beasley*, 8th Cir. Case No. 18-1056.

Rogers then filed a petition for certiorari to the United States Supreme Court. On October 1, 2018, the Supreme Court dismissed Rogers's petition, finding that Rogers had "repeatedly abused this Court's process" and directed the Clerk "not to accept any further petition in noncriminal matters" from Rogers unless he paid the filing fee and submitted a petition in compliance with Rule 33.1. *Rogers v. Beasley*, United States Supreme Court No. 17-9446, 2018 WL 3055833 (Oct. 1, 2018).

On October 12, 2018, Rogers initiated this § 2241 action. Once again, he contends that because he was convicted of charges in an original indictment, after the Government dismissed a superseding indictment, his federal conviction should

be declared void and he should be "discharged' from his alleged involuntary confinement.

For the reasons discussed below, the Court recommends that this § 2241 Petition be dismissed, without prejudice.  The Court also recommends that Raymond Rogers be placed on the Restricted Filers list and that no further filings challenging his federal conviction in *Rogers I* be accepted for filing.

## II. Discussion

A district court is not required to entertain a second habeas application inquiring into the detention of a federal prisoner if the legality of such detention has been determined in an earlier federal habeas action. 28 U.S.C. § 2244(a).[1] This provision has been construed as barring a federal prisoner from raising claims in a § 2241 habeas petition that were adjudicated, or could have been adjudicated, in a previous § 2241 action. *Stanko v. Davis*, 617 F.3d 1262, 1269–70, 1272 (10th Cir. 2010) (second § 2241 petition was subject to dismissal under § 2244(a) as successive and abusive), pet. for cert. filed, No. 10–7804 (U.S. Oct. 22, 2010); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (§ 2241 petition properly dismissed where claims had been adjudicated in prior § 2241 action);

---

[1] The provision states:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

*Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (holding that, under § 2244(a) and the abuse-of-the-writ doctrine, § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action").

Rogers's current § 2241 Petition challenges the same federal conviction in *Rogers I* that he challenged in *Rogers II*. Under 28 U.S.C. § 2244(a), this Court is not required to entertain Rogers's second effort to use § 2241 to challenge his conviction in *Rogers I*, after it determined, in *Rogers II*, that it lacks subject matter jurisdiction to do so. Thus, Rogers's § 2241 habeas Petition is an abuse of the writ, which warrants placing him on the Restricted Filers list.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition, *Doc. 1*, be DENIED, and the case be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED THAT Rogers be placed on the Restricted Filers list and that no further filings challenging his federal conviction in *Rogers I* be accepted for filing.

DATED this 18th day of October, 2018.

_____

UNITED STATES MAGISTRATE JUDGE